DAVIS & CERIANI, P.C.  
Michael P. Cillo, Esq.  
Scott W. Wilkinson, Esq.  
1350 17th Street, Suite 400  
Denver, Colorado 80202  
Telephone: (303) 534-9000  
(Admitted *Pro Hac Vice*)

David P. Stich, Esq.  
521 Fifth Avenue  
17th Floor  
New York, New York 10175  
Telephone: (646) 554-4421

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NUVEEN MUNICIPAL TRUST on behalf of its series NUVEEN HIGH YIELD MUNICIPAL BOND FUND, a Massachusetts business trust,<br><br>    Plaintiff,<br>vs.<br><br>WITHUMSMITH+BROWN, P.C., a New Jersey professional corporation,<br><br>    Defendant,<br><br>and<br><br>LINDABURY, MCCORMICK, ESTABROOK & COOPER, P.C., a New Jersey professional corporation,<br><br>    Defendant | Civil Action No. 08-5994 (GEB)<br><br>**PLAINTIFF'S RESPONSE TO THE BRIEFS OF WITHUMSMITH+BROWN, P.C. AND LINDABURY, MCCORMICK, ESTABROOK & COOPER, P.C. ADDRESSING THE ISSUE OF THE COURT'S SUBJECT MATTER JURISDICTION** |

# **TABLE OF CONTENTS**

**ARGUMENT** ................................................................................................... 1

   A.  **"Related-To" Jurisdiction Cannot be Based On the BMC D&O Policy.** ... 2

      **Nuveen's Complaint did not implicate (nor could it have implicated) the D&O Policy.** .............................................................................................. 2

   B.  "**Related-To" Jurisdiction Cannot be Founded Upon a Non-Existent Impact Upon the Distribution of Proceeds from BMC's Bankruptcy Estate.** . 4

      **Nuveen's bankruptcy recovery was fixed before it filed its Complaint and is not subject to reduction on account of sums recovered from WSB or LMEC.** ....................................................................................................... 4

      **Defendants' contention that Nuveen's recovery in this action would reduce Nuveen's claim against the BMC estate is contrary to controlling law.** ........................................................................................................... 6

      **Defendants' jurisdictional argument defies logic.** ............................................ 8

   **CONCLUSION** ............................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Bar on the Pier, Inc. v. Bassinder*, 818 A.2d 424 (N.J. Super. Ct. App. Div. 2003) 9

*Beye v. Horizon Blue Cross Blue Shield of New Jersey*, 568 F. Supp. 2d 556, (D.N.J. 2008) ........................................................................................................ 3

*Duffy v. McKenna*, 81 A. 1101 (N.J. Sup. Ct. 1912 ...................................... 6, 7, 8, 9

*Graefe v. Connolly*, No. 82 C 1818, 1987 WL 4854 (N.D. Ill. May 15, 1987) ........ 8

*Harvard v. Bushberg Bros., Inc.*, 350 A.2d 65 (N.J. Super. Ct. App. Div. 1975) . 7, 9

*In re CRM Int'l, Inc.*, No. BKR 04-47594 (MBK), 2009 WL 1545818 (Bankr. D.N.J., May 28, 2009) ....................................................................................... 2

*In re W.R. Grace & Co.,* 591 F.3d 164 (3d Cir. 2009) ............................................. 1

*Lewis v. Windsor Door Co.,* 926 F.2d 729 (8th Cir. 1991) ...................................... 2

*Sowell v. Butcher & Singer, Inc.,* 926 F.2d 289 (3d Cir. 1991) ........................... 6, 7

*Theobald v. Byers,* 13 Cal.Rptr. 864 (Cal. Dist. Ct. App. 1961) .............................. 8

*Zeliff v. Sabatino*, 104 A.2d 54 (1954) .................................................................... 6

**Codes**

28 U.S.C. § 1334(b) ................................................................................... 1, 2, 7, 10

## ARGUMENT

Defendants' October 8, 2010 briefs contend that subject matter jurisdiction existed over Plaintiff's claims at the time they were filed because they are "related to" the Bayonne Medical Center bankruptcy,[1] triggering jurisdiction under 28 U.S.C. § 1334(b) (creating federal jurisdiction over civil proceedings "related to cases under title 11").  Jurisdiction can only be conferred under 18 U.S.C. § 1334(b) when the claims asserted are so related to a bankruptcy proceeding that "the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *In re W.R. Grace & Co.,* 591 F.3d 164, 171 (3d Cir. 2009).

Defendants contend that the Court had "related-to" jurisdiction over Nuveen's[2] claims because: 1) they implicate the insurance policy providing coverage for the actions of BMC's officers and trustees (the "D&O Policy"), which Defendants claim is property of BMC's bankruptcy estate; and, 2) Nuveen's recovery in this action will impact the distributions to other creditors in the BMC

---

[1] Bayonne Medical Center ("BMC") filed for bankruptcy in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") on April 16, 2007 in case number 07-15195-MS (hereinafter, the "BMC Bankruptcy").

[2] Plaintiff Nuveen Municipal Trust on behalf of its series Nuveen High Yield Municipal Bond Fund is referred to herein as "Nuveen."  Defendants Lindabury, McCormick, Estabrook & Cooper, P.C. and WithumSmith+Brown, P.C. are referred to herein as "LMEC" and "WSB," respectively.

Bankruptcy.  Both contentions are provably false, contrary to controlling New Jersey authority, and logically unsupportable.[3]

A. **"Related-To" Jurisdiction Cannot be Based On the BMC D&O Policy. Nuveen's Complaint did not implicate (nor could it have implicated) the D&O Policy.**

Nuveen's Complaint names only two Defendants—WSB and LMEC. (Compl., Docket No. 1).  Nuveen did not name BMC and did not name a single BMC officer or trustee.  (*Id.*). Neither WSB nor LMEC contend that anyone covered by the D&O Policy was named as a Defendant in Nuveen's Complaint. As a result, Nuveen's claims had no impact on the D&O Policy, and the D&O Policy—regardless of whether it was an asset of BMC's bankruptcy estate—cannot confer subject matter jurisdiction upon the Court.

Defendants contend that their third-party claims against BMC's former officers (Docket Nos. 15, 17) create "related-to" jurisdiction by implicating the D&O Policy.  However, third-party claims cannot create "related-to" jurisdiction where it did not previously exist.  *See, e.g., Lewis v. Windsor Door Co.,* 926 F.2d 729, 732 (8th Cir. 1991) ("[W]hen there is no subject-matter jurisdiction over the

---

[3] It is Defendants' burden to establish subject matter jurisdiction under 28 U.S.C. § 1334(b).  *In re CRM Int'l, Inc.*, No. BKR 04-47594 (MBK), 2009 WL 1545818, at *3 (Bankr. D.N.J., May 28, 2009) ("As in this case, where the dispute does not involve the debtor, the party invoking jurisdiction bears a significant burden of establishing that the dispute can be deemed "related to" the debtor's case."). (See also Docket No. 91 at pp. 12-15).

original action between plaintiff and defendant, it cannot be created by adding a third-party claim over which there is jurisdiction.") (quoting 6 C. Wright, A. Miller, M. Kane, Fed. Prac. & Proc. Civ. § 1444 (2d ed. 1990)).  Thus, Defendants' discussion of their own third-party claims is not relevant to the Court's jurisdictional analysis.

More fundamentally, Nuveen's claims cannot implicate the D&O Policy because, as of the date Nuveen's Complaint was filed, Nuveen was prohibited from pursuing claims against BMC's former officers and trustees.  On September 23, 2008—more than two months before Nuveen filed its Complaint—the Bankruptcy Court approved a settlement between BMC (as the Debtor) and a group of secured creditors including Nuveen.[4]  (BK Docket No. 1602, Exhibit 3 hereto).[5]  The court-approved settlement agreement (hereinafter, the "Settlement Agreement") allocated certain property and claims to the Secured Creditors (a defined term which

---

[4] Nuveen's claim in the BMC Bankruptcy arises out of a single proof of claim filed by the Bank of New York as the Trustee under the Master Trust Indenture securing a variety of BMC's obligations—including the Bond Anticipation Note ("BAN") purchased by Nuveen.  (BK Claims Register, Claim No. 24-1, Exhibit 1 hereto). The settlement approved by the Bankruptcy Court on September 23, 2008 concerned all claims under the Master Trust Indenture and evidenced by Claim No. 24-1. (BK Docket No. 1573-1 at pp. 2-5, Exhibit 2 hereto).

[5] Any references herein to documents filed in the BMC Bankruptcy shall be by reference to "BK Docket No. ___" or "BK Claims Register, Claim No. ___." Copies of relevant filings from the BK Docket and Claims Register are attached as Exhibits hereto.  Such documents need not be separately authenticated.  *Beye v. Horizon Blue Cross Blue Shield of New Jersey*, 568 F. Supp. 2d 556, 577 (D.N.J. 2008) ("A District Court may take judicial notice of bankruptcy proceedings.").

included Nuveen) and reserved certain property and claims to BMC's estate. (BK Docket No. 1573-2 at pp. 2-7, Exhibit 4 hereto). Specifically, the Settlement Agreement provided that "D&O claims" were reserved to the BMC estate and "the Secured Creditors agree not to pursue any claims against any former Officers and Trustees of [BMC]." (Exhibit 4 at p. 6). Thus, Nuveen's claims could not implicate the D&O Policy—and could not give rise to "related-to" jurisdiction—because Nuveen relinquished any claims against BMC's former officers and trustees did not assert such claims in its Complaint.

**B.** **"Related-To" Jurisdiction Cannot be Founded Upon a Non-Existent Impact Upon the Distribution of Proceeds from BMC's Bankruptcy Estate.**

Defendants' claim a recovery by Nuveen in this action would reduce Nuveen's claim in the BMC Bankruptcy. In fact, the opposite is true.

**Nuveen's bankruptcy recovery was fixed before it filed its Complaint and is not subject to reduction on account of sums recovered from WSB or LMEC.**

When the Bankruptcy Court approved the Settlement Agreement between BMC and the Secured Creditors (including Nuveen), it fixed the Secured Creditors' rights vis-à-vis the BMC estate:

> The Secured Creditors shall be granted an allowed general unsecured claim in the amount of $46,673,886.79 (the "Allowed Deficiency Claim"), less a dollar for dollar reduction for every dollar received by the Secured Creditors on account of (i) the Allowed Secured Claim and (ii) the Secondary Distribution (defined below).

(Exhibit 4 at p. 8).[6] Thus, according to the Settlement Agreement, any recovery by Nuveen here will not impact the amount of Nuveen's claim in the BMC Bankruptcy unless Nuveen's claims against WSB and LMEC are included within the "Allowed Secured Claim" or the "Secondary Distribution" as those terms are defined in the Settlement Agreement. (*Id.*).

The "Allowed Secured Claim" is defined in the Settlement Agreement as a collection of claims and assets originally belonging to the BMC estate and does not include any reference to Nuveen's claims against WSB and LMEC. (Exhibit 4 at pp. 2-6). Similarly, the term "Secondary Distribution" is defined as a lump-sum payment that bears no relation to Nuveen's claims against WSB and LMEC. (*Id.* at p. 8). As a result, Nuveen's recovery here cannot reduce its claim against BMC's estate. Defendants' argument to the contrary must fail as it is inconsistent with the Settlement Agreement.[7]

---

[6] The terms of the Settlement Agreement control the Secured Creditors' interest in BMC's estate even in the event of: 1) inconsistencies between the Settlement Agreement and a subsequently adopted Plan; 2) dismissal of the BMC Bankruptcy; or, 3) conversion to a chapter 7 liquidation. (Exhibit 4 at p. 2).

[7] In arguing that Nuveen's recovery from LMEC and WSB will reduce Nuveen's claim in the BMC Bankruptcy, both LMEC and WSB cite to a motion filed by Nuveen to compel BMC's production of certain documents. In the Motion to Compel, Nuveen's bankruptcy counsel argued that it was entitled to a Rule 2004 examination of BMC because, *inter alia,* "to the extent Nuveen brings any such causes of action [against the BMC's officers, directors and pre-petition professionals] and recovers any amounts, the claim of Nuveen in this case . . . will be reduced, thereby directly affecting the Debtor's estate and the other creditors." (BMC Bankruptcy Docket No. 1503 at pp. 7-8). WSB and LMEC's reliance on

**Defendants' contention that Nuveen's recovery in this action would reduce Nuveen's claim against the BMC estate is contrary to controlling law.**

Defendants' argument for the existence of "related-to" jurisdiction claims that Nuveen's recovery here, if any, would reduce Nuveen's recovery in the BMC Bankruptcy. Under New Jersey law, the opposite is true.

The Complaint alleges Nuveen purchased the BAN in reliance on the false and misleading statements of WSB and LMEC. (Compl., Docket No. 1). Nuveen's damages must be calculated as the difference between what Nuveen paid for the BAN and what the BAN was actually worth. *See, e.g., Sowell v. Butcher & Singer, Inc.,* 926 F.2d 289, 297 (3d Cir. 1991) (citing cases); *Duffy v. McKenna*, 81 A. 1101, 1102-03 (N.J. Sup. Ct. 1912) ("the damage is the difference between the price paid by the purchaser and the real value of the property that he has acquired."). *Accord Zeliff v. Sabatino*, 104 A.2d 54, 56 (1954) (recognizing both "out-of-pocket" rule and "benefit of the bargain" rule as available measures of damages for fraud).

---

the statement of Nuveen's bankruptcy counsel is misplaced. First, the Motion to Compel was filed nearly two months **before** the Bankruptcy Court approved the Settlement Agreement, thereby fixing the Secured Creditors' rights and obligations vis-à-vis BMC's estate. Thus the terms of the Settlement Agreement—which do not permit reduction of Nuveen's claim on account of amounts recovered from WSB and LMEC—control. Second, the idea that Nuveen's claim against the BMC estate would be reduced by any amount recovered from LMEC and/or WSB is simply incorrect and is contrary to well established New Jersey law (see discussion *infra* at pp. 6-8). It is Nuveen's damages on its claims against WSB and LMEC that are reduced by any amount received from the BMC Bankruptcy, not the other way around. (See discussion *infra* at pp. 6-7).

BMC's bankruptcy filing reduced the BAN to a partially secured claim against BMC's estate. Thus, the "true value" of the BAN is equal to the proceeds payable to Nuveen from the BMC estate. Defendants' contention that Nuveen's recovery here would reduce the amount of its claim against BMC's estate misapplies the controlling damages law exemplified by *Duffy* and *Sowell*. Nuveen's recovery from BMC's estate will reduce Nuveen's damages in this action—not the other way around.[8] *See, e.g., Duffy*, 81 A. at 1102-03.

LMEC and WSB's "related-to" argument also contradicts New Jersey law concerning mitigation of damages. New Jersey has long recognized that a wronged party has an obligation to mitigate damages. *Harvard v. Bushberg Bros., Inc.*, 350 A.2d 65, 68 (N.J. Super. Ct. App. Div. 1975) ("Traditional concepts of contract and tort law require one wronged by the action of another to mitigate damages."). The concept of mitigation has been applied to reduce damages in cases where a plaintiff failed to pursue an available bankruptcy claim. *See, e.g., Graefe v. Connolly*, No. 82 C 1818, 1987 WL 4854, at *6 n.10 (N.D. Ill. May 15,

---

[8] Defendants claim that Nuveen's Complaint "explicitly recognizes" (WSB Brief, Docket No. 93 at p. 9) or "concedes" (LMEC Brief, Docket No. 92 at p. 5) that its claims are related to the BMC Bankruptcy because, at ¶ 194, Nuveen alleges that its damages are believed to include "$9.5 million less any amounts recovered by the Nuveen Fund in connection with the bankruptcy proceeding." Nuveen's Complaint simply restates the well established "out-of-pocket" measure of damages recognized in *Sowell* and *Duffy* and, contrary to Defendants' contentions, is a far cry from an admission that "related-to" jurisdiction exists under 28 U.S.C. § 1334(b).

1987) (proof that the plaintiff failed to file an unsecured creditors claim in a subsequent bankruptcy proceeding could be introduced as proof of failure to mitigate damages) (citing *Theobald v. Byers,* 13 Cal.Rptr. 864, 867 (Cal. Dist. Ct. App. 1961)). Defendants' argument for "related-to" jurisdiction would frustrate New Jersey's mitigation requirements because Nuveen's recovery in the BMC Bankruptcy would not be used to offset or mitigate damages in this action.

**Defendants' jurisdictional argument defies logic.**

Defendants argue that Nuveen's potential recovery in this action will reduce its claim on the BMC estate. The net effect of the Defendants' position is that the credit for the actual value of the BAN would be given to other BMC creditors having no legal claim against WSB and LMEC—in the form of Nuveen's unclaimed share of the BMC estate—and not to the Defendants (who are lawfully entitled to that offset). The out-of-pocket damages rule exemplified by *Duffy* exists to prevent just such a result.

Further, Nuveen's claim in the BMC Bankruptcy is based on the contractual rights Nuveen acquired when it purchased the BAN. (Exhibit 1). Under Defendants' argument, a bankruptcy creditor's contractual rights would be meaningless because they could be diminished, or even eliminated, if that creditor has tort claims against third parties relating to the same subject matter as the contract. Such result would frustrate the efficient administration of bankrupt

estates and introduce unnecessary uncertainty into the bankruptcy process.[9] This result would also be inconsistent with New Jersey law. *See, e.g., Bar on the Pier, Inc. v. Bassinder*, 818 A.2d 424, 428 (N.J. Super. Ct. App. Div. 2003) ("In interpreting a contract our goal is to ascertain the intent of the parties as revealed by the language used by them.").[10]

Finally, if the issue before the Court was not jurisdictional, but, instead, involved determination of the amount of Defendants' liability to Nuveen, Nuveen questions whether Defendants would be advancing the same argument. In the damages context, Nuveen believes it is unlikely that Defendants would eschew the mitigation, damages offset, and damages calculation principles set forth in *Duffy* and *Harvard* in favor of paying a greater amount of damages to Nuveen. Put differently, if Nuveen stood to recover $1.5 million from the BMC Bankruptcy, Nuveen doubts the Defendants would willingly pay an extra $1.5 million in

---

[9] If a creditor's contractual rights vis-à-vis a debtor could be altered by third-party tort claims, debtors and bankruptcy trustees would be required to ascertain what creditors have such claims and bankruptcy distributions could be delayed for years waiting for third-party litigation (and subsequent appeals) to be concluded. Moreover, Defendants' position raises the question of whether creditors—based on mitigation principles—could be forced to litigate claims of questionable validity or risk the reduction of their claims against the bankruptcy estate. All of these concerns are eliminated when the bankruptcy recovery is appropriately used as an offset in any third-party litigation consistent with the case law cited at pp. 6-8 above.

[10] Determining a creditor's contractual rights by reference to third-party tort claims—a matter, by definition, outside the creditor-debtor contract—is inconsistent with the well-established contract interpretation principles exemplified by *Bassinder*.

damages (thereby giving Nuveen's share of BMC's estate to BMC's other creditors) rather than take the offset they are entitled to. Any rational defendant would argue, consistent with *Duffy* and *Harvard*, that their liability to Nuveen is reduced by the amount of Nuveen's recovery from the BMC Bankruptcy. The result reached by the Court in this jurisdictional context should be consistent with the result it would reach in the damages context.

## CONCLUSION

Defendants' attempts to relate Nuveen's claims to the BMC Bankruptcy contradict Bankruptcy Court orders, established New Jersey law, and common logic. Defendants have failed to establish subject matter jurisdiction under 28 U.S.C. § 1334(b). Nuveen's Complaint should be dismissed without prejudice. A proposed order is submitted herewith.

Dated this 18th day of October, 2010.

> Respectfully submitted,
>
> By: /s/ Scott W. Wilkinson
> DAVIS & CERIANI, P.C.
> Michael P. Cillo, Esq.*
> Scott W. Wilkinson, Esq.*
> 1350 Seventeenth Street, Suite 400
> Denver, CO  80202
> (303) 534-9000
> *admitted *pro hac vice*
>
> By: /s/ David P. Stich
> David P. Stich, Esq.
> 521 Fifth Avenue
> 17th Floor
> New York, New York  10175
> (646) 554-4421
> **Counsel for Plaintiff Nuveen Municipal Trust**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of October, 2010, the foregoing was served via electronic delivery and/or U.S. Mail, addressed to the following:

GIORDANO, HALLERAN & CIESLA, P.C.
Catherine J. Bick, Esq.
125 Half Mile Road, Suite 300
Red Bank, New Jersey 07701
CBick@ghclaw.com
**Counsel for WSB**

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
William A Cambria, Esq.
James J. Digiulio, Esq.
1300 Mount Kemble Ave.
P.O. Box 2075
Morristown, New Jersey 07962-2075
WCambria@mdmc-law.com
jdigiulio@mdmc-law.com
**Counsel for LMEC**

/s/ David P. Stich