**EXHIBIT 3
TO
PLAINTIFF'S RESPONSE TO THE BRIEFS OF
WITHUMSMITH+BROWN, P.C. AND LINDABURY, MCCORMICK,
ESTABROOK & COOPER, P.C. ADDRESSING THE ISSUE OF THE
COURT'S SUBJECT MATTER JURISDICTION**

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
|---|
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>SILLS CUMMIS & GROSS P.C.<br>Andrew H. Sherman<br>Boris I. Mankovetskiy<br>One Riverfront Plaza<br>Newark, New Jersey 07102<br>Telephone: 973-643-7000<br>Facsimile: 973-643-6500<br>Attorneys for the Official Committee<br>of Unsecured Creditors |
| In re:<br><br>BAYONNE MEDICAL CENTER,<br><br>Debtor. |

FILED
JAM[...] CLERK
SEP 2 3 2008
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

Case No.: 07-15195 (MS)

Judge: Honorable Morris Stern

**ORDER APPROVING, PURSUANT TO FED. R. BANKR. P. 9019, A SETTLEMENT AGREEMENT BETWEEN AND AMONG THE DEBTOR, OFFICIAL COMMITTEE OF UNSECURED CREDITORS, THE BANK OF NEW YORK, AS MASTER INDENTURE TRUSTEE, FINANCIAL SECURITY ASSURANCE INC., U.S. BANK, NATIONAL ASSOCIATION, AS BOND TRUSTEE, NUVEEN HIGH YIELD FUND AND LEHMAN BROTHERS, INC.**

The relief set forth on the following page numbered two (2) and three (3) is hereby

**ORDERED**.

9/23/08

|  |  |
|---|---|
| Debtor: | BAYONNE MEDICAL CENTER |
| Case No.: | 07-15195 (MS) |
| Caption of Order: | ORDER APPROVING, PURSUANT TO FED. R. BANKR. P. 9019, A SETTLEMENT AGREEMENT BETWEEN AND AMONG THE DEBTOR, OFFICIAL COMMITTEE OF UNSECURED CREDITORS, THE BANK OF NEW YORK, AS MASTER INDENTURE TRUSTEE, FINANCIAL SECURITY ASSURANCE INC., U.S. BANK, NATIONAL ASSOCIATION, AS BOND TRUSTEE, NUVEEN HIGH YIELD FUND AND LEHMAN BROTHERS, INC. |

This matter having been brought to this Court upon the Motion of Bayonne Medical Center (the "Debtor"), the debtor and debtor-in-possession herein, and the Official Committee of Unsecured Creditors (the "Committee") of the Debtor's estate Pursuant to Fed. R. Bankr. P. 9019 for the Entry of an Order Approving a Settlement Agreement (the "Settlement Agreement") Between and Among The Bank of New York, as master indenture trustee, Financial Security Assurance Inc., U.S. Bank, National Association, as bond trustee, Nuveen High Yield Fund and Lehman Brothers, Inc. and the Debtor and the Committee (the "Motion"); and proper and sufficient notice of the Motion having been given; and the Court having jurisdiction to consider the relief requested in the Motion; and the Court having considered the Application in support of the Motion (the "Application") and good cause appearing for the entry of this Order; it is hereby:

**ORDERED** that the Motion is hereby granted in all respects; and it is further

**ORDERED** that the Debtor and the Committee are authorized to enter into the Settlement Agreement substantially in the form attached as Exhibit A to the Application; and it is further

**ORDERED** that the Settlement Agreement, substantially in the form attached as Exhibit A to the Application, is approved; and it is further

**ORDERED** that except as set forth in the Settlement Agreement (i) no creditor or claimant shall have any interest in any Pre-Closing Patient Receivables (as defined in the

Settlement Agreement) collected as of the date of this Order and (ii) such Pre-Closing Patient Receivables shall be transferred to the Secured Creditors free and clear of any claim of the Debtor, the Debtor's estate and any third party; and it is further

**ORDERED** that all undisputed fees and expenses due to MD-X Solutions, Inc. ("MD-X") for collection of Postpetition Pre-Closing Patient Receivables, other than those fees and expenses of MD-X relating to the post-closing collection of the $10 million of Postpetition Pre-Closing Patient Receivables which shall borne by the Secured Creditors, shall be paid by the Debtor's estate in the ordinary course solely from the Estate/Unsecured Allocation as set forth in the Settlement Agreement. In the event any such fees and expenses are disputed, their determination shall by subject to further Order of this Court; and it is further

**ORDERED** that, to the extent there is any inconsistency between the terms of the Settlement Agreement and this Order, the Settlement Agreement shall control; and it is further

**ORDERED** that parties to the Settlement Agreement are authorized to take any and all action necessary to implement the Settlement Agreement; and it is further

**ORDERED** that the Court shall retain jurisdiction over any and all disputes arising under the Settlement Agreement.